**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

DONNA M. SCHULMAN A/K/A DONNA M. EVERGATES AND DONNA M. SHULMAN, AS SURVIVING TRUSTEE OF THE DANIEL R. SCHULMAN AND DONNA M. SCHULMAN REVOCABLE TRUST UNDER AGREEMENT DATED JUNE 22, 2007

    Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC

    Defendant.
_____/

**COMPLAINT**

**COMES NOW**, the Plaintiff, DONNA M. SCHULMAN A/K/A DONNA M. EVERGATES AND DONNA M. SHULMAN A/K/A DE, AS SURVIVING TRUSTEE OF THE DANIEL R. SCHULMAN AND DONNA M. SCHULMAN REVOCABLE TRUST UNDER AGREEMENT DATED JUNE 22, 2007("Plaintiff") by and through undersigned counsel, and brings this action against the Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN" or "Defendant"), and as grounds thereof would allege as follows:

**JURISDICTION**

1. This action raises a federal question for a violation of the Fair Debt Collection Practices Act ("FDCPA") found at 15 USC 1692(e)(14) and the court's supplementary jurisdiction for a related cause of action for violations of Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA"). These

*FD-3698*

laws prevents persons and debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

2. Personal jurisdiction is proper pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by acts or omissions outside the state.

3. Venue is proper in this court because Plaintiff is a resident of Broward County, Florida and the actions that are the subject of this action accrued in Broward County, Florida.

## PARTIES

4. At all times material hereto, Defendant OCWEN was and is a limited liability corporation, incorporated under the laws of the State of Delaware, duly licensed to transact business in the State of Florida, as the Defendant is both headquarted in West Palm Beach Florida, and lists its registered agent as Corporation Service Company, with the address 1201 Hays Street, Tallahassee, FL 32301-2525.

5. At all times material hereto, OCWEN was and is a "person" as said term is defined under Florida Statute §1.01(3). At all times material hereto, OCWEN, is and was also a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the property that is the subject of this lawsuit located at 10132 NW 4TH ST, PLANTATION, FL 33323-7052 (the property").

6. Also, OCWEN is subject to the provisions of Fla. Stat. § 559.72, §559.77 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

7. At all times material hereto, the Plaintiff, is and was a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(2), and/or a person with standing to bring a claim under the FCCPA by virtue of being directly affected by violations of the Act.

8. At all times material hereto, the mortgage debt in question was a "debt" as said term is defined under Florida Statute §559.55(1).

9. At all times material hereto, the communications alleged herein were "communications" as said term is defined under Florida Statute §559.55(5).

10. OCWEN regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

## BACKGROUND AND GENERAL ALLEGATIONS

11. Plaintiff retained Loan Lawyers, LLC. ("Loan Lawyers") for representation with regard to a disputed debt arising from a mortgage for which the Defendant has provided servicing.

12. Defendant has alleged to have been a servicer on a debt alleged by Defendant to be owed by Plaintiff.

13. Defendant was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

*14.* Plaintiff was named as a defendant in a foreclosure action in Broward County Circuit Court in relation to Plaintiff's home and on or about April 18, 2016 Loan Lawyers as counsel for Plaintiff, filed their Notice of Appearance in the foreclosure action. *See Broward County Circuit Court Case Number: CACE11015080.*

15. Since that time, counsel for Plaintiff has filed pleadings, motions and has actively participated in the litigation of the foreclosure action.

16. Upon information and belief Defendant was also informed by a prior servicer of the alleged debt or prior party with an ownership interest in regards to the alleged debt that Plaintiff was represented by counsel in regards to the disputed debt.

*FD-3698*

17. Upon information and belief Defendant monitored the foreclosure action and saw pleadings filed by Plaintiff's counsel.

18. On or about June 9, 2017 Plaintiff sent Defendant a letter indicating that Plaintiff was represented by Loan Lawyers regarding all aspects of the subject mortgage debt. Defendant was informed that all communications regarding the subject mortgage debt were to be directed to Plaintiff's counsel. The letter provided the mailing address and phone number for Loan Lawyers, A true and correct copy of same is attached and incorporated herein as Exhibit "A".

19. On or about June 19, 2017 Defendant received the above letter informing Defendant of Plaintiff's representation by counsel along with counsel's address and phone number.

20. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

21. All of Defendant's actions in regard to the disputed debt have been for the purpose of collecting the disputed debt.

22. Defendant had actual knowledge that Plaintiff was represented by counsel in regard to the disputed debt and was aware of the nature and scope of same.

23. Defendant communicated with Plaintiff multiple times in connection with the collection of a debt, including, but not limited to: on or about June 18, 2018, June 19, 2018, June 20, 2018 and June 28, 2018 when Defendant mailed correspondence to Plaintiff's primary residence. A true and correct copy of the above referenced document(s) are attached and incorporated herein as Exhibit "B".

24. The letter(s) urged Plaintiff to contact Defendant in connection with the collection of a debt, and the letter(s) constituted an attempt to collect a debt.

*FD-3698*

25.     The letter(s) provided a phone number for Defendant's collections line, a telephone line which Defendant staffs with representatives of Defendant and whose purpose is to solicit payments from consumers.

26.     The letter(s) constituted a communication with the Plaintiff when Defendant knew that the Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of Loan Lawyers, LLC's name, address, and telephone number.

27.     Upon information and belief, Defendant communicated with Plaintiff on a nearly monthly basis after date of first violation in the same manner as described above.  Plaintiff is still in the process of gathering additional information as to those other communications.

28.     Upon information and belief there were additional improper contacts and these should become available and subject to the instant claims in this lawsuit through the discovery process.

29.     Defendant communicated with Plaintiff a number of other times after Defendant was aware that Plaintiff was represented by counsel in regard to the disputed debt.

## **COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(18)**

30.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

31.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that Defendant contacted Plaintiff in connection with the collection of a debt after Defendant knew that Plaintiff was represented by counsel, and had knowledge of counsel's name and address, in contravention of Florida Statutes §559.72(18).

32.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated Florida Statutes §559.72(18).

FD-3698

33. Plaintiff has hired Loan Lawyers to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

34. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for statutory damages of up to $1000 per violation, together with actual damages, reasonable attorney's fees and court costs.

35. Plaintiff has satisfied all conditions precedent to bringing this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, OCWEN LOAN SERVICING, LLC, for statutory and actual damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require. Plaintiff further respectfully requests that this Honorable Court enter an order pursuant to Florida Statutes §559.77(2), enjoining the Defendant from contacting the Plaintiff, including by and through a third party, with regards to the disputed debt while the Plaintiff is represented by counsel with regards to such debt.

### COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

36. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29

37. Prior to retaining counsel on this matter, Plaintiff received relentless requests for payments from Defendant.

38. As a result of the above-mentioned communications, Plaintiff experienced mental pain, shock, suffering, aggravation, humiliation, embarrassment and sleeplessness. The thought of Plaintiff losing Plaintiff's home and primary residence has caused Plaintiff to experience a high degree of anxiety.

39. Plaintiff was so distraught with the thought of losing Plaintiff's home, Plaintiff retained the undersigned law firm to represent Plaintiff and to deal directly with the Defendant so that Plaintiff would no longer have to deal with the Defendant.

40. Plaintiff signed the cease and desist letter attached hereto as Exhibit "A" to avoid any further commutation with the Defendant.

41. The letter specifically advised that all contacts with Plaintiff directly were to be ceased immediately.

42. Upon receipt of the above referenced correspondence, Plaintiff was, understandably, quite distressed.

43. The correspondence urged Plaintiff to contact Defendant in connection with the collection of a debt, and was an attempt to collect a debt.

44. The correspondence provided a phone number for Defendant's collections line, a line which Defendant staffs with representatives of Defendant and whose purpose is to solicit payments from consumers.

45. Defendant had been communicating with the undersigned law firm and could have contacted the undersigned law firm.

46. Instead, Defendant chose to harass the Plaintiff by contacting Plaintiff directly.

47. Defendant communicated with Plaintiff a number of other times after Defendant was aware that Plaintiff was represented by counsel in regard to the disputed debt.

48. By directly engaging in the above referenced communications with Plaintiff, Defendant increased the severity of Plaintiff's suffering and engaged in conduct, which was harassing.

49. In the above referenced communications, Defendant circumvented Plaintiff's counsel and attempted to trick Plaintiff into acting against Plaintiff's interests. As part of this conduct, Defendant offered Plaintiff free financial and counseling services. See Exhibit B.

50. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that Defendant has engaged in harassing and abusive conduct towards Plaintiff, in contravention of Florida Statutes §559.72(7).

51. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated Florida Statutes §559.72(7).

52. Plaintiff has hired Loan Lawyers to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

53. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for statutory damages of up to $1000 per violation, together with actual damages, reasonable attorney's fees and court costs.

54. Plaintiff has satisfied all conditions precedent to bringing this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, OCWEN LOAN SERVICING, LLC, for statutory damages and actual damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require. Plaintiff further respectfully requests that this Honorable Court enter an order pursuant to Florida Statutes §559.77(2), enjoining the Defendant from contacting the Plaintiff, including by and through a third party, with regards to the disputed debt while the Plaintiff is represented by counsel with regards to such debt.

### COUNT III-VIOLATION OF FDCPA: 15 USC 1692c(a)(2)

55. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

*FD-3698*

56.  15 U.S.C. §1692c(a) states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
> > (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

57.  Defendant communicated with Plaintiff in connection with the collection of a debt when Defendant knew that Plaintiff was represented by counsel with respect to the alleged debt.

58.  Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692c(a).

59.  Plaintiff has hired Loan Lawyers to represent her in this action and have agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant OCWEN for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, DONNA M. SCHULMAN A/K/A DONNA M. EVERGATES AND DONNA M. SHULMAN, AS SURVIVING TRUSTEE OF THE DANIEL R. SCHULMAN AND DONNA M. SCHULMAN REVOCABLE TRUST UNDER AGREEMENT DATED JUNE 22, 2007, hereby demands a trial by jury of all issues so triable.

Dated this July 23, 2018.

FD-3698

Respectfully Submitted,

/s/  Luis Ugaz
Florida Bar No. 786721
Laura Hoy, Esq.
Florida Bar No. 59025
Matisyahu H. Abarbanel, Esq.
Florida Bar No. 130435
E-mail: luis@fight13.com
Secondary E-Mail: laura@fight.13.com
Secondary E-mail: tony@fight13.com
Loan Lawyers, LLC
2150 S. Andrews Ave, 2nd Floor
Ft. Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
Counsel for Plaintiff

*FD-3698*